Joshua G. Simon, Bar No. 264714
MILLER MILLER GERBER LLP
18301 Von Karman Ave, Suite 950
Irvine, CA 92612
(714) 450-3800; Facsimile: (714) 450-3801
jsimon@mmg-llp.com

Attorneys for Defendants APOGEE STRONG, LLC, TIM KENNEDY, and MATT BEAUDREAU

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTON ACADEMY, a Texas Nonprofit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>APOGEE STRONG, LLC, a California Limited Liability Company; TIM KENEDY, an individual; MATT BEAUDREAU, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. **2:25-CV-03398-DC-SCR**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT, PURSUANT TO 28 U.S.C. § 1447**<br><br>Dept: Courtroom 10, 13th Floor<br>Honorable Dena Coggins |

**TABLE OF CONTENTS**

I. INTRODUCTION AND STATEMENT OF FACTS ..... 4

II. ARGUMENT ..... 8

A. Plaintiff's Common Allegations of Trademark Infringement and Violations of Federal Law are Causes of Action Under Federal Trademark Law. ..... 8

B. Plaintiff Has Alleged Violations of Federal Trademarks. ..... 8

C. Federal Trademark Law is Necessary for Resolving Plaintiff's Breach of Contract and Restitution Claims. ..... 10

D. Supplemental Jurisdiction Exists Because the Other Claims Share a Common Nucleus of Operative Facts with the Federal Question Claims. ..... 13

III. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Cases**

*Christianson v, Colt. Indus. Operating Corp.*,
486 U.S. 800 (1988)........ 8

*Duncan v.* Stuetzle,
76 F.3d 1480, (9th Cir. 1996). ........ 8

*Fry v. Napoleon Cmty. Sch.*,
580 U.S. 154 (2017)........ 9

*Langley v. Guiding Hands Sch., Inc.*,
No. 2:20-cv-00635-TLN-KJN, 2021 LX 88118 (E.D. Cal. 2021) ........ 9

*Oklahoma Tax Comm'n v. Graham*,
489 U.S. 838 (1989)........ 8

*S.C. v. Cty. of L.A.*,
No. CV 21-6163-MWF (PDx), 2023 LX 57574 (C.D. Cal. 2023)........ 9

**Statutes**

15 U.S.C. § 1117(a) ........ 9

15 U.S.C. §§ 1051-1127 ........ 9

28 U.S.C. § 1367(a) ........ 13

> 54. Plaintiff asserts that Defendants' actions as detailed in this pleading infringe on their registered trademark rights protected and recognized by the above registered trademarks (the "Trademarks" or the "Acton Registered Trademarks"). In particular, Plaintiff asserts that Defendants

(Dkt. 1-2 at ¶ 54.)

## I. INTRODUCTION AND STATEMENT OF FACTS

Plaintiff filed its most recent complaint against Apogee Strong based on allegations of federal trademark infringement (of which it couches its claim as restitution) along with alleged breaches of contracts Plaintiff entered into with Tim Kennedy and Matt Beaudreau for entities not party to this case (i.e., Acton Placer and Apogee Cedar Park). (Dkt. 1-2 at ¶¶ 29-30.) Despite presently litigating in Florida and in state and federal courts in Texas for the same alleged conduct, Acton Academy's owners have inexcusably broadened their unsubstantiated complaints to California in an effort to malign any individual or entity who elects to interact with the Apogee educational platform. As recently highlighted by Acton Academy's co-founder, Jeff Sandefer, Acton Academy intends to assert claims against each and every Apogee affiliate:

> Please be advised we plan to mirror our recent efforts in Florida by filing lawsuits against each and every Apogee affiliate in their respective state courts, a campaign which will accelerate in the coming months.
>
> Bottom line - we're just getting started.
>
> Jeff

To further frustrate matters, Acton has now initiated baseless litigation against Apogee Strong which was never affiliated with Acton or received any proprietary information. Despite having no evidence that Apogee Strong has any Acton information, much less proprietary information, Acton Academy alleges ***upon information and belief*** that Apogee Strong misappropriated Acton Academy's trademarked materials in order to develop a competing educational program. (Dkt. 1-2 ¶¶ 9, 54.) Yet, Plaintiff alleges Apogee Strong is part of some national conspiracy to undermine and

infringe on Plaintiff's educational system. Notably, despite seeking a remand in this case, Acton has filed a nearly exact same complaint in the Western District of Texas. (*See* Declaration of Joshua Warner ("Warner Decl."), Ex. 1.) A comparison is exemplary:

| Western District of Texas Complaint | California Complaint |
|---|---|
| **"This case is about restoring to Acton Academy its rightful ownership and control of its proprietary and confidential trade secrets, materials, intellectual property." (Warner Decl., Ex. 1 (Western District Complaint) at ¶ 35.)** | "As such, this case is about restoring to Acton Academy its rightful ownership and control of intellectual property rights and associated goodwill." (Dkt. 1-2 at ¶ 1.) |
| **"Acton Academy is a transformative K-12 "learner-driven" educational movement and organization." (*Id.* at ¶ 35.)** | "Acton Academy is a transformative K-12 "learner-driven" educational movement and organization that took over a decade to develop." (*Id*. at ¶ 1.) |
| **"Acton Academy has the following registered trademarks: 'Acton Academy' . . . 'Children's Business Fair' . . . [and] 'Acton Children's Business Fair.'" (*Id.* at ¶ 80 (alteration in original).)** | "Acton Academy has the following registered trademarks . . . 'Acton Academy' . . . 'Children's Business Fair' . . . [and] 'Acton Children's Business Fair.'" (*Id*. at ¶¶ 51-53 (alteration in original).) |
| **"Plaintiff asserts that Defendants' actions . . . infringe on their registered trademark rights." (*Id.* at ¶ 81 (alteration in original).)** | "Plaintiff asserts that Defendants' actions . . . infringe on their registered trademark rights." (*Id.* at ¶ 54 (alteration in original).) |
| **"As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been . . . irreparably injured." (*Id.* at ¶ 93 (alteration in original).)** | "As a direct and proximate result of such wrongful acts, Defendants have each been unjustly enriched." (*Id*. at ¶ 123 (alteration in original).) |
| **"Plaintiff further prays that it be awarded judgment against Defendants . . . for the following: actual damages, Defendant's profits earned as a result of trademark infringement, [and] unjust enrichment." (*Id.* at 42 (alteration in original).)** | "Plaintiff further prays that it be awarded judgment against Defendants . . . for the following: actual damages, Defendant's profits earned as a result of trademark infringement, [and] unjust enrichment." (*Id*. at 33 (alteration in original).) |
| **"Specifically, Kennedy and Apogee Cedar Park have utilized and misappropriated Acton Academy's name, trademark, and goodwill without authorization." (*Id.* at ¶ 84.)** | "Specifically, Apogee Strong has utilized and misappropriated Acton Academy's name, trademark, and goodwill without authorization." (*Id*. at ¶ 62.) |
| **"Plaintiff's damages include damage to business reputation and loss of goodwill by virtue of continued association and connection with Defendants and . . . misappropriation of trade secrets, trademarks, and confidential and proprietary materials." (*Id.* at ¶ 85 (alteration in original).)** | "Plaintiff's damages include damage to business reputation and loss of goodwill by virtue of continued association and connection with Apogee Strong; misappropriation of trade secrets, trademarks, and confidential and proprietary materials." (*Id*. at ¶ 65.) |
| **"Apogee Entities and Kennedy acted in concert and in combination . . . to misappropriate and use the Acton Material and content, including . . . using and infringing on the Acton Academy trademarks." (*Id.* at ¶ 76 (alteration in original).)** | "Kennedy, Beaudreau, and the other Defendants acted in concert and in combination . . . to misappropriate and use the Acton Material and content, including . . . using and infringing on the Acton Academy trademarks." (*Id*. at ¶ 46 (alteration in original).) |

| | |
|---|---|
| **"Plaintiff's damages are a natural, probable, and foreseeable consequence of the Defendants' breaches. Plaintiff's damages include . . . misappropriation of trade secrets, trademarks, and confidential and proprietary materials." (*Id.* ¶ 85 (alteration in original).)** | "Plaintiff's damages are a natural, probable, and foreseeable consequence of the Apogee Strong's breaches. Plaintiff's damages include . . . misappropriation of trade secrets, trademarks, and confidential and proprietary materials." (*Id.* at ¶ 74. (alteration in original).) |

Related, Laura Sandefer, the founder directing the litigations for Acton Academy, was deposed in the similar Western District of Texas litigation. In that deposition, she admitted numerous times that Acton's proprietary material is limited to the federal trademarks Acton has acquired because the remainder of the claimed "Acton Materials" are neither proprietary nor trade secret—having been copied from other publicly available sources. For example, Ms. Sandefer testified:

- Acton Academy does not own the Socratic Method. (Ex. 2 (Laura Sandefer's Deposition) at 58:1-9.)
- Acton Academy's schedule is not confidential. (*Id.* at 65:10-16.)
- Acton Academy's schedule is not trademarked or a trade secret. (*Id.* at 65:18-22; 68:1-22.)
- The word "guide" existed before Acton Academy. (*Id.* at 156:1-24.)
- The word "guide" does not belong to Acton Academy. (*Id.* at 258:2-5.)
- The word "studio" does not belong to Acton Academy. (*Id.* at 258:6-24.)
- The word "badge" does not belong to Acton Academy. (*Id.* at 148:1-25.)
- Acton Academy does not own the sole right to not give out grades. (*Id.* at 153:1-23.)
- Acton Academy does not exclusively own the word "heroes." (*Id.* at 160:1-25; 161:1-6.)
- Acton Academy does not exclusively own the word "quests." (*Id.* at 124:1-18.)
- Students are not prevented from sharing Acton's materials and quests. (*Id.* at 143:1-25.)
- The word "apprenticeships" is not unique to Acton Academy. (*Id.* at 163:23-25.)
- Acton Academy has no issue with other schools using the phrase "learner driven." (*Id.* at 163:1-11.)
- Acton Academy does not own the phrase "servant leadership." (*Id.* at 259: 13-25; 260:1-5.)
- Acton Academy's education model is based on the Montessori system. (*Id.* at 147:1-24.)

Since she has admitted numerous times that the Acton Materials are not unique to the organization or are secret, it is clear that alleged infringement of the federal trademarks is the only actual claim in this case.

And if Ms. Sandefer's sworn testimony was not enough, Jeff Sandefer, the other co-founder of Acton Academy, emailed Tim Kennedy after Acton removed his school from Acton's network explaining that Mr. Kennedy could continue to use the content and information from Laura Sandefer's book, "Courage to Grow," and Jeff Sandefer's TEDx talk.


Tim,

I respect who you are and what you have built. I also understand you have demands that I can't begin to understand.

I'm keeping this short because we have 150 Acton owners in town for the three day Annual Owner's Conference, and there are lots of last minute preparations.

We're going to need to terminate your license as I described in my last emails – that means 30 days from my first notice. Given what's happened, I have no choice. I would hope you would inform your families as soon as possible and all Acton materials will need to be returned and our name taken off the website. Of course, you can use Courage to Grow and my TEDx talk to guide what you do, since those are public, and with the right core families you can build a community just using those.

If you want to re-launch in the fall and re-audition in November, Laura or I will find a time in December to visit the campus, which is something we seldom do. If at that time you have a group of families super-committed to the learner driven vision, and they understand exactly what that means, we'll reconsider.

Some of the key issues we'll look for:
1. Are your children in the school?
2. Are your parents fully committed?
3. Do you have the time to properly oversee operations? (Running an Acton campus is not something that can be "hands off," at least not in early years.)
4. Do you fully understand what it means to participate and communicate – meaning license requirements; forums; annual gatherings; ect...

We have tried to be crystal clear about what it takes to build one of our communities. In this case, we failed. But there's always a chance to start over.

Sincerely,

Jeff

(Warner Decl., Ex. 3 (Jeff Sandefer's Email) at 1.) Notably, Ms. Sandefer testified that "Courage to Grow" contained all of the alleged "Acton Materials"—those claimed to be proprietary in this lawsuit, except perhaps the phrase "Servant Leadership," which Ms. Sandefer admitted was used in many other places and is a phrase that Acton did not create. (Warner Decl., Ex. 2 (Laura Sandefer's Deposition) at 244:16-245:13.) As such, when taken in conjunction with Laura Sandefer's deposition,

Jeff Sandefer's email shows that all of the "Acton Materials" except the federally registered trademarks were free to use and not protected. Given this background, Defendants now provide their opposition to Plaintiff's motion to remand.

## II. ARGUMENT

### A. Plaintiff's Common Allegations of Trademark Infringement and Violations of Federal Law are Causes of Action Under Federal Trademark Law.

For a federal district court to have subject matter jurisdiction, Plaintiff's complaint must state a claim that arises under federal law. *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840-41 (1989). Federal question jurisdiction is triggered when the complaint is "well pleaded." *Christianson v, Colt. Indus. Operating Corp.*, 486 U.S. 800, 808 (1988). For a well-pleaded complaint, the Court must determine if "federal law creates the cause of action" or if Plaintiff's "right to relief necessarily depends on resolution of a substantial question of federal law, in that, federal law is a necessary element of one of the well-pleaded claims." *Id*. For trademarks, the Court must (1) determine if federal trademark law creates the cause of action or (2) determine if Plaintiff's "right to relief necessarily depends on resolution of a substantial question of federal trademark law, in that, federal trademark law is a necessary element of one of the well-pleaded claims." *Duncan v.* Stuetzle, 76 F.3d 1480, 1486 (9th Cir. 1996). Here, both prongs are satisfied.

### B. Plaintiff Has Alleged Violations of Federal Trademarks.

Plaintiff has clearly pled a federal trademark infringement cause of action. Under "Common Allegations," Plaintiff alleges that Defendants "infringe[d] on [its] registered trademark rights protected and recognized by . . . [its] registered trademarks. . .. In particular, Plaintiff asserts that Defendants used the Acton Academy name . . . and children's business fair [trademarks]. Dkt. 1-2 at ¶ 54 (alteration in original). Plaintiff's registered trademarks are:

- Acton Academy, US Serial Number 767169953, US Registration Number 4861387;
- Children's Business Fair, US Serian Number 87515901, US Registration Number 5505100; and

- Acton Childrens Business Fair, US Serial Number 87516167, US Registration Number 5712031.

(Dkt. 1-2 at ¶¶ 51-53.) Plaintiff's complaint then states that Defendants used the "Acton Academy name in *promotional materials and online content to promote and sell their competing goods and services*, including a children's business fair appropriated directly from Acton. Plaintiff further asserts that "Defendants are using the *Acton Registered Trademarks* in their *education materials and in providing educational services* to their customers." (Dkt. 1-2 at ¶ 54 (emphasis added).)

While Plaintiff complaint does not provide a heading that identifies this claim as a federal trademark claim, that is of no moment. Instead, Courts look to the substance of the complaint, rather than the nomenclature used to determine the causes of action. *See generally Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 169 (2017); *see generally Langley v. Guiding Hands Sch., Inc.*, No. 2:20-cv-00635-TLN-KJN, 2021 LX 88118, at *17 (E.D. Cal. 2021); *see generally S.C. v. Cty. of L.A.*, No. CV 21-6163-MWF (PDx), 2023 LX 57574, at *32 (C.D. Cal. 2023). And here, Plaintiff has asserted a claim for "Restitution." (Dkt. 1-2 at ¶¶ 118-125.) Of course, the Lanham Act provides for unjust enrichment damages. *See* 15 U.S.C. § 1117(a); see also Ninth Circuit Model Civil Jury Instructions 15.29 "Trademark Damages".

Plaintiff claims that Defendants have infringed upon Plaintiff's federally registered trademarks, which are protected by federal law. Thus, Plaintiff's well-pleaded claim invokes the Lanham Act. The Lanham Act is the federal law (statute) that applies to determining whether Defendants have infringed upon a registered trademark. *See* 15 U.S.C. §§ 1051-1127.

This argument is further supported by Plaintiff's complaint against Tim Kennedy in the Western District of Texas for the same alleged conduct. In the Western District, Plaintiff makes three Lanham Act trademark infringement claims against Tim Kennedy for the same conduct complained about in the California complaint. (Warner Decl., Ex. 1 (Western District Complaint) at ¶¶ 88-105.)

For example, Plaintiff claims Tim Kennedy infringed upon "*Acton['s] Registered Trademarks* . . . in connection with the *promotion and sale of its products and services*" and "*in connection with the promotion and sale of education services*." (*Id*. at ¶¶ 90, 97.) Plaintiff makes the

same claims here: "Defendants are using the *Acton Registered Trademarks* in their *education materials and in providing educational services* to their customers." (Dkt. 1-2 at ¶ 54 (emphasis added).) The only difference is that the Western District's heading identifies the claim as a federal cause of action, while California's heading does not.

From the very beginning of its complaint, Plaintiff pleads that Defendants violated federal law, invoking federal question jurisdiction.

> which all of Acton Academy's affiliates are required to acknowledge and follow. This case centers on a former Acton Academy affiliate, who are using Acton Academy's proprietary information to build a competing educational system, Apogee, in violation of Acton Academy's *Trademark License Agreement* and *Access and License Agreement*, and in violation of California law and Federal law.

(Dkt. 1-2 at ¶ 1.) Plaintiff then pleads Defendants are "misappropriating Acton Academy's *name*, *trademark*, trade secrets, and goodwill without authorization. As such this case is about restoring to Acton Academy its rightful ownership and control of *intellectual property rights* and associated goodwill." (*Id*. (emphasis added).)

In other words, Plaintiff's own pleadings directly state that its causes of action are based on Defendants' alleged violations of federal trademark law by infringing upon Plaintiff's federally registered trademarks. Plaintiff has invoked federal question jurisdiction.

### C. Federal Trademark Law is Necessary for Resolving Plaintiff's Breach of Contract and Restitution Claims.

Even if Plaintiff had not directly invoked federal question jurisdiction, to determine the second prong of the *Christianson* test, the Court must analyze Plaintiff's claims and see whether "[federal trademark] law is a necessary element of ***one*** of the well-pleaded claims." *See generally Christianson*, 486 U.S. at 808 (alteration in original) (emphasis added); *Duncan*, 76 F.3d at 1486. In this case, federal law is necessary to resolve each of Plaintiff's claims.

*Breach of Contract*. The breach of contract claim must be decided by federal trademark law. Plaintiff pleads that Defendants materially breached the "*Trademark License Agreement* and the

*Access and License Agreement*" by "misappropriate[ing] Acton Academy's *name*, *trademark*, and goodwill without authorization and for purpose and use outside of the *Trademark License Agreement* and *License and Access Agreement*." (Dkt. 1-2 at ¶ 62 (emphasis added).) By its own terms, the Complaint asserts that infringement of the federally registered trademarks is essential to the claim. And while this claim lists other non-trademark issues as other reasons for the breach, Laura Sandefer has already admitted that the only items that could be at issue are the federal trademarks. Indeed, Ms. Sandefer admitted numerous times that everything besides the federal trademarks could not have been misappropriated or infringed by Defendants because those other "Acton Materials" were not proprietary to Acton. Thus, the necessary issue for determining whether Defendants breached the contract is to determine whether Defendants used Plaintiff's federally registered trademarks without Acton's consent. And since misuse or infringement of a federal trademark is determined by the Lanham Act, federal question jurisdiction is properly invoked under the second prong of the *Christianson* test because the federal statute is necessary for resolving this claim.

*Breach of Covenant of Good Faith and Fair Dealing*. This claim is just Plaintiff's breach of contract claim in another form as it relies directly on that contract and the alleged infringement. *See* (Dkt. 1-2 at ¶ 74.) Therefore, the question of whether Defendants infringed on Plaintiff's federally registered trademarks is at the heart of this claim.

*Unfair Competition*. Plaintiff's Complaint says it all:

> 79. Defendants' use of Plaintiff's (above-listed) Trademarks (and each of them) and Plaintiff's trade names, which misrepresents the nature, characteristics, identity, and source or sponsorship of Defendants' goods and services, constitutes aiding and abetting liability for deceptive, untrue, and misleading advertising and therefore constitutes a violation of, *inter alia*, California Business and Professions Code §§ 17200 *et seq.* and California common law.

(Dkt. 1-2 at ¶ 79.) Because the unfair competition claim relies on "Defendants' use of Plaintiff's (above-listed) [federally registered] Trademarks," an interpretation of federal law is at the center of this claim.

*Aiding and Abetting*. This claim is based on the unfair competition claim (the third cause of action) and thus also is directed to federal law.

> 103. Each of the other Defendants (i.e., Kennedy, Beaudreau, and DOES 1 – 100) knew that Apogee Strong engaged in wrongdoing (as alleged in the third cause of action herein) and gave substantial assistance or encouragement to Apogee Strong to so act.

(Dkt. 1-2 at ¶ 103.)

*Conspiracy*. Similar to its aiding and abetting claim, Plaintiff's conspiracy claim is based on the "acts and things alleged herein and above," which as discussed above, can only be based solely on alleged infringement of federally registered trademarks. (*See* Dkt. 1-2 at ¶ 113.)

*Restitution.* As discussed above, Plaintiff's restitution claim must be decided by federal trademark law. In Plaintiff's complaint, it pleads that Defendants committed "wrongful acts" and that those wrongful acts were the direct and proximate cause of Defendants' unjust enrichment. (Dkt. 1-2 at ¶ 123.) The main issue for this claim centers around whether Defendants were unjustly enriched by committing wrongful acts against Plaintiff. *Id*. Since the only issue remaining after Laura Sandefer's deposition is whether federal trademarks were wrongfully used or infringed upon, it is clear that federal law is necessary for resolving this claim.

*Declaratory Judgment*. Finally, Plaintiff's declaratory judgment claim is directly related to allegations of infringement of federally registered trademarks:

> 148. Plaintiff has owns intellectual property rights, including (without limitation) the Trademarks and trade secrets set forth herein.
>
> 149. Plaintiff desires a declaration of Plaintiff's rights and Defendants' duties with respect to each other, and in respect to, in, the above-mentioned contracts and intellectual property.

(Dkt. 1-2 at ¶ 148-149.) Therefore, it too must be decided based on federal law.

### D. Supplemental Jurisdiction Exists Because the Other Claims Share a Common Nucleus of Operative Facts with the Federal Question Claims.

To determine supplemental jurisdiction, the Court must have original jurisdiction, and the other claims must be part of the same case or controversy that shares a common nucleus of operative facts. 28 U.S.C. § 1367(a). Here, there is original jurisdiction because Plaintiff has claims of trademark infringement and violations of federal law. Additionally, there is original jurisdiction because nearly all of Plaintiff's claims can be resolved only by determining whether Defendant infringed upon Plaintiff's federally registered trademarks—a claim that requires the Lanham Act. And since the previously mentioned claims are based on the same set of facts, that being the infringement and misappropriation of Plaintiff's trademarks, this Court has supplemental jurisdiction over the non-federal claims.

## III. CONCLUSION

For the foregoing reasons, Apogee Strong, Tim Kennedy, and Matt Beaudreau respectfully request that the Court deny Plaintiff's motion to remand.

Dated: December 18, 2025 MILLER MILLER GERBER LLP

By: */s/ Joshua G. Simon*
Joshua G. Simon
Defendants, APOGEE STRONG, LLC,
TIM KENNEDY, and MATT BEAUDREAU